IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Bank Midwest, a Division of NBH Bank,

        Plaintiff,

v.

Sergiu Tintiuc,

        Defendant.

Case No. _____

**COMPLAINT**

## INTRODUCTION

Plaintiff Bank Midwest, a division of NBH Bank ("Bank Midwest") as and for its Complaint against Defendants Sergiu Tintiuc, (the "Defendant"), states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Bank Midwest is a Colorado state-chartered banking association with its principal place of business in Denver, Colorado.

2. Sergiu Tintiuc ("Tintiuc") is an individual domiciled in the State of Illinois and residing at 2520 Spartina Lane, Naperville, Illinois 60564.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and the parties are citizens of different states.

4. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because the Defendants either reside in or maintain a principal place of business in this district.

## FACTS COMMON TO ALL COUNTS

5. Bank Midwest is engaged, among other things, in the business of financing the acquisition of equipment and other personal property to businesses in various industries.

Defendants is a customer of Bank Midwest who guaranteed various loans to enable Truck & Trailer Leasing Avenue LLC ("Truck & Trailer")[1] to finance equipment consisting primarily of semi tractors and trailers thorough Bank Midwest.

## MASTER LOAN AND SECURITY AGREEMENT

6. On or about May 4, 2021, Truck & Trailer entered into a loan agreement with Bank Midwest as evidenced by that certain Master Loan and Security Agreement dated as of May 4, 2021, by and between Truck & Trailer and Bank Midwest, as amended, modified, renewed or restated from time to time (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached as **Exhibit 1** and is incorporated by reference.

7. Pursuant to the Loan Agreement, Truck & Trailer promised to pay Bank Midwest the amounts set forth on each promissory note pursuant to the terms as provided herein.

8. Paragraph 8 of the Loan Agreement provides, among other things, that Truck & Trailer shall be in default if it:

    A. Fails to make note payments when due;

    B. Fails to pay any other indebtedness to Bank Midwest when due;

    C. Breaches any warranty, representation, covenant, agreement, or other provision contained in the Loan Agreement;

    D. Becomes insolvent or ceases to do business as a going concern; or

    E. Provides false or misleading information to Bank Midwest regarding its financial condition.

9. Pursuant to Paragraph 9 of the Loan Agreement, upon the occurrence of an event of default, Bank Midwest shall have the following rights and remedies, which include but are not limited to:

---

[1] Truck & Trailer filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, on March 21, 2024 (Bky. No. 24-04137), and is not a party to this action.

A. Accelerating the maturity date of any note and declare all payments immediately due and payable, together with accrued interest or other amounts due and owing thereunder;

B. Causing Truck & Trailer to discontinue the use of any or all collateral or disable the collateral;

C. Enforcing all the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws, including the right to any deficiency remaining after disposition of the collateral for which Truck & Trailer hereby agrees to remain fully liable;

D. Disassembling, rendering unusable and/or repossessing (by self-help or otherwise) all or any item of constituting collateral, disconnecting and separating all collateral from any other property and using all force necessary;

E. Requiring Truck & Trailer to assemble the collateral and return it to Bank Midwest at a place to be designated by Bank Midwest that is reasonably convenient to both parties;

F. Selling or leasing the collateral provided that Bank Midwest acts in good faith and in a commercially reasonable manner; or

G. Applying for the appointment of a receiver over Truck & Trailer.

## NOTE 6

10. On or about December 12, 2023, and in connection with the Loan Agreement, Truck & Trailer entered into an amended and restated promissory note with Bank Midwest as evidenced by that certain Amended and Restated Promissory Note, identified as Equipment Finance Note No. 19093110979-6 ("Note 6") executed and delivered by Truck & Trailer in the original principal amount of $455,545.09. Various items of equipment comprise the collateral financed under Note 6, including five Freightliner PT126 semi tractors described more specifically therein. A true and accurate copy of the Loan Agreement is attached as **Exhibit 2** and is incorporated by reference.

11. Pursuant to the Loan Agreement and Note 6, Truck & Trailer agreed to make three monthly payments in the amount of $4,026.83 commencing on January 15, 2024, followed by

three monthly payments in the amount of $8,053.65 commencing on April 15, 2024, and a final payment on June 15, 2024, consisting of all remaining unpaid principal and accrued interest, and all other amounts due in accordance with Note 6 and the Loan Agreement.

12. Truck & Trailer is in default with respect to Note 6 by failing to make all monthly payments due since January 15, 2024, entitling Bank Midwest to exercise its contractual and legal remedies. Such remedies include, without limitation, accelerating the maturity date of Note 6, declaring all payments thereunder immediately due and payable, and recovering the total amounts due pursuant to the terms of Note 6 and the Loan Agreement, as of May 13, 2024, of not less than $450,594.02, plus interest accruing thereafter at a daily rate of $54.59 through the date of judgment, plus late fees accruing thereafter, plus costs, expenses and reasonable attorneys' fees incurred.

## **NOTE 8**

13. On or about December 12, 2023, and in connection with the Loan Agreement, Truck & Trailer also entered into an amended and restated promissory note with Bank Midwest as evidenced by that certain Amended and Restated Promissory Note, identified as Equipment Finance Note No. 19093110979-8 ("Note 8") executed and delivered by Truck & Trailer in the original principal amount of $434,268.23. Various items of equipment comprise the collateral financed under Note 8, including five Freightliner PT126 semi tractors described more specifically therein. A true and correct copy of Note 8 is attached as **Exhibit 3** and is incorporated by reference.

14. Pursuant to Note 8, Truck & Trailer agreed to make three monthly payments in the amount of $4,322.74 commencing on January 15, 2024, followed by three monthly payments in the amount of $8,645.47 commencing on April 15, 2024, and a final payment on June 15, 2024, consisting of all remaining unpaid principal and accrued interest, and all other amounts due in accordance with Note 8 and the Loan Agreement.

15. Truck & Trailer is in default with respect to Note 8 by failing to make all monthly payments due since January 15, 2024, entitling Bank Midwest to exercise its contractual and legal remedies. Such remedies include, without limitation, accelerating the maturity date of Note 8, declaring all payments thereunder immediately due and payable, and recovering the total amounts due pursuant to the terms of Note 8 and the Loan Agreement, as of May 13, 2024, of not less than $438,428.59, plus interest accruing thereafter at a daily rate of $49.12 through the date of judgment, plus late fees accruing thereafter, plus costs, expenses and reasonable attorneys' fees incurred.

## THE CONSOLIDATED NOTE

16. On or about December 12, 2023, and in connection with the Loan Agreement, Truck & Trailer further entered into a consolidated promissory note with Bank Midwest as evidenced by that certain Consolidated Promissory Note executed and delivered by Truck & Trailer in the original principal amount of $5,597,877.78 (the "Consolidated Note").

17. The Consolidated Note, Note 6, Note 8 are collectively, the "Notes"; the Notes and the Loan Agreement are collectively, the "Loan Documents". Various items of equipment comprise the collateral financed under the Consolidated Note, including collateral identified in certain existing equipment finance notes scheduled on Exhibit A to the Consolidated Note. A true and correct copy of the Consolidated Note is attached as **Exhibit 4** and is incorporated by reference.

18. Pursuant to the Consolidated Note, Truck & Trailer agreed to make three monthly payments in the amount of $51,245.00 commencing on January 15, 2024, followed by three monthly payments in the amount of $102,490.00 commencing on April 15, 2024, and a final

payment on June 15, 2024, consisting of all remaining unpaid principal and accrued interest, and all other amounts due in accordance with the Consolidated Note and the Loan Agreement.

19. Truck & Trailer is in default with respect to the Consolidated Note by failing to make all monthly payments due since January 15, 2024, entitling Bank Midwest to exercise its contractual and legal remedies. Such remedies include, without limitation, accelerating the maturity date of the Consolidated Note, declaring all payments thereunder immediately due and payable, and recovering the total amounts due pursuant to the terms of the Consolidated Note and the Loan Agreement, as of May 13, 2024, of not less than $5,467,282.90, plus interest accruing thereafter at a daily rate of $919.94 through the date of judgment, plus late fees accruing thereafter, plus costs, expenses and reasonable attorneys' fees incurred.

## THE GUARANTY

20. To induce Bank Midwest to enter into the Loan Documents with Truck & Trailer, Defendant executed a Continuing Guaranty Agreement dated May 4, 2021 (the "Guaranty"), pursuant to which Pigeon Freight Services, Inc.[2] and Tintiuc unconditionally and absolutely guaranteed the full and prompt payment and performance when due of all payments and obligations of every type owed by Truck & Trailer to Bank Midwest. A true and correct copy of the Guaranty is attached as **Exhibit 5** and is incorporated by reference.

21. The Guaranty also requires the payment of all costs and expenses (including costs and attorneys' fees) incurred by Bank Midwest in connection with all obligations due in connection with the Loan Documents.

---

[2] Pigeon Freight Services, Inc. ("Pigeon") is a corporation organized under the laws of the State of Illinois with its principal place of business at 16830 Chicago Avenue, Lansing, Illinois 60438. Pigeon filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, on June 5, 2023 (Bky. No. 24008322), and is not a party to this action.

22. Truck & Trailer breached its obligations by failing to make requisite timely payments pursuant to the Loan Documents.

23. Pursuant to the Loan Agreement, failure to timely pay the monthly installment payments due under the Notes constitutes an event of default under the Loan Documents.

24. The Guaranty provides that the Defendant shall "jointly and severally, unconditionally and absolutely hereby guarantee the due and punctual payments to [Bank Midwest] when and as the same shall become due and payable."

25. Defendant failed to adhere to their payment obligations pursuant to the Guaranty, and is in default. Accordingly, and pursuant to the terms and conditions set forth in the Loan Documents and the Guaranty, Bank Midwest is entitled to exercise its remedies in accordance with the terms of the Loan Documents and the Guaranty. Such remedies include, without limitation, accelerating the maturity date of the Notes, declaring all payments thereunder immediately due and payable, and recovering the total amounts due pursuant to the terms of the Guaranty and the Loan Documents, as of May 13, 2024, of not less than $6,356,305.51, plus interest accruing thereafter through the date of judgment, plus late fees accruing thereafter, plus costs, expenses and reasonable attorneys' fees incurred.

## COUNT I
## BREACH OF GUARANTY

26. Bank Midwest restates, realleges, and adopts by reference all allegations contained in Paragraphs 1 through 30 as though fully set forth herein.

27. Bank Midwest and Tintiuc are parties to the Guaranty, which constitutes an enforceable contract.

28. Bank Midwest has performed all conditions precedent as required of it pursuant to the Guaranty.

29. Tintiuc breached the Guaranty by failing to make required payments due to Bank Midwest.

30. As a direct and proximate result of Tintiuc's ongoing and uncured defaults, Bank Midwest has suffered damages, as of May 13, 2024, of not less than $6,356,305.51, plus interest accruing thereafter through the date of judgment, plus late fees accruing thereafter, plus costs, expenses and reasonable attorneys' fees incurred.

## COUNT II
## ALTERNATIVE COUNT – UNJUST ENRICHMENT

31. Bank Midwest restates, realleges, and adopts by reference all allegations contained in paragraphs 1 through 35 as though fully set forth herein.

32. Bank Midwest made a loan to Truck & Trailer to finance the acquisition of equipment that serves as collateral for the obligations described in the Loan Documents, and Defendant personally guaranteed those obligations and received the benefits of the loan proceeds.

33. Bank Midwest has made demand for payment, but Defendant has failed and refused to make payment.

34. As a result, Defendant has been unjustly enriched in the amount, as of May 13, 2024, of not less than $6,356,305.51, plus prejudgment interest, plus costs, expenses and reasonable attorneys' fees incurred, and it would be unjust for Defendant to retain the benefits received from Bank Midwest without payment.

## PRAYER FOR RELIEF

WHEREFORE, Bank Midwest prays that the Court:

A. Enter a money judgment against Defendant and in favor of Bank Midwest for damages for Defendant's breach of the Guaranty, in an amount to be proven at trial, but not less than, as of May 13, 2024, $6,356,305.51, plus interest accruing thereafter through the date of

8

judgment, plus late fees accruing thereafter, plus costs, expenses and reasonable attorneys' fees incurred; and

  B. Award Bank Midwest such other and further relief as the Court deems just and equitable.

Dated: June 14, 2024       **STINSON LLP**

               /s/ Benjamin J. Court
               Benjamin J. Court (MN Bar No. 0319016)
               50 South Sixth Street, Suite 2600
               Minneapolis, MN 55402
               Phone: 612-335-1615
               benjamin.court@stinson.com

               *and*

               Andrew Scavotto (IL Bar No. 6288575)
               7700 Forsyth Blvd., Suite 1100
               St. Louis, MO 63105-1821
               Phone: 314-719-3048
               andrew.scavotto@stinson.com

               ***Attorneys for Plaintiff Bank Midwest, a division of NBH Bank***

## **VERIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dated: June 9th, 2024

                                        Bank Midwest, a Division of NBH Bank

                                        By: _____

                                        Print Name: Scott D. Randle

                                        Its: Senior Vice President